McCarty v. Gray.

---

## Daniel McCarty and William McCarty v. William Gray.

1. PUNITIVE DAMAGES—*In Actions of Trespass to Real Estate.*—A party, with the consent of a person who had been in the peaceable possession of land for more than twenty years, built a house thereon and occupied the same with his family; afterward a survey, made at the instance of an owner of adjoining land, showed the house to be partly upon his land, and during the temporary absence of the party who built the house, he fenced it in, moved it wholly upon his own land and

excluded the owner therefrom upon his return. *Held*, that such owner was entitled to recover punitive damages in an action of trespass for taking. removing and appropriating the house to his own use.

2.    PARTIES—*In Actions of Trespass to Real Estate.*—A man who builds a house and occupies it as his homestead upon the lands of another under an agreement between the owner and his wife to convey it to her. may properly maintain an action of trespass in his own name as the head of a family, without joining the name of his wife, against persons for taking and appropriating the house.

Trespass, for removing a house, etc.—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 20, 1901.

W. P. CALLON and F. D. McAVOY, attorneys for appellants.

SMITH & HAIRGROVE and ETTER & HAMILTON, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, William Gray, sued appellants, Daniel and William McCarty, in the Circuit Court of Morgan County, in an action of trespass for taking, removing and appropriating to his own  use, the house of appellee in which he and his wife resided, and for removing his household effects therefrom.

The case being tried by jury, resulted in a verdict in favor of appellee for $710, from which appellee remitted down to $500, and then judgment was rendered for that amount.   To reverse that judgment, appellants prosecute this appeal, and insist that the verdict is not supported by the evidence and the court gave improper and refused proper instructions.

The house in question was built by appellee upon a tract of land containing about two and one-half acres which had been in possession, for more than twenty years, of one A. R. Dennis, and adjoining lands of the appellants on the south.   Appellee built the house upon this tract of land, and he and his wife took possession of it and were living in

the house under a verbal agreement between the wife and Mr. Dennis that the latter would convey the tract of land to the former. After appellee and his wife had been living in this house as their home, and had therein their necessary belongings and some provisions, during their temporary absence therefrom, appellants caused a survey to be made of their land adjoining the tract upon which the house had been built, and the survey showed the house in question to be partly on their (appellants') land. Appellants then fenced in their land, as shown by the survey, taking in the house with it, refused to let appellee or his wife go into it, posted notices against trespassing, and later removed the house upon their lands.

When appellee built the house, he put it some two and one-half rods south of an old fence between the two and a half acres and the adjoining land of appellants.

The house in question, and contents, did not exceed in value $100.

Appellee, in the court below, claimed punitive damages, and the court instructed the jury that such might be allowed, and the verdict shows such damages constitute the major part of the damages awarded by the verdict and judgment.

Appellants insist that the verdict is excessive as to amount of damages allowed, and that the court erroneously instructed the jury that they might give punitive damages, under the evidence.

The tract of land upon which appellee built his house had been in possession of Mr. Dennis up to the old fence line marking the division line between him and appellants, for more than twenty years, and therefore appellee and his wife were rightfully in possession thereof.

And when appellants, merely upon a claim of ownership of so much of the tract as came within the survey, to which appellee was not a party, during the temporary absence and without the consent of the appellee or his wife, took possession of the house and all of appellee's effects therein, and kept possession thereof as they did, we are of opinion that they were liable for actual as well as punitive damages

occasioned thereby, because there was neither legal nor moral justification for such conduct.

Appellants also claim that inasmuch as the tract of land upon which the house was built under the agreement between Mr. Dennis and appellee's wife, and under which appellee and his wife were in possession, was to be by Mr. Dennis conveyed to the wife, she only and not appellee (her husband) can maintain this suit.

The tract of land in question in this case, and the house upon it in which appellee and his wife resided, constituted appellee's homestead, and he, as the head of his family, can maintain this suit for the injuries to his possession of such homestead.

Finding that the verdict, after the remittitur reduced it to $500, is supported by the evidence, and that the instructions of the court, when read as one charge, correctly state the law applicable to the evidence under the issues tried, we will affirm the judgment rendered upon it.  Affirmed.